is RCBA Nutraceuticals against ProAmpac Holdings. Mr. Johnson. Thank you. Good morning. My name is Terry Johnson and I appear on behalf of plaintiff RCBA Nutraceuticals, LLC. This case involves a series of what now are obvious errors by the district court in determining and applying what it believed to be the applicable statute of limitations. The case law in question both the Haley case from the Western District and the Abrams case from the state courts indicate that in applying the borrowing statute what determines whether there is a foreign statute of limitations a foreign claim subject to a statute of limitations is whether the final significant event giving rise to a suable claim in this case a suable claim in contract since the district court had disposed of all the other claims in the complaint on other grounds and the as a starting point we know what applied it incorrectly because the result it reached is absurd what the result it reached is that Texas or New York law controlled the statute of limitations even though the only involvement New York or Texas had under the pleadings that are controlling in this case on a motion to dismiss is that third-party independent contracting agents for the supplied by the defendant were located in Detroit excuse me in New York and in Texas and that at some point in time they received reports that the bags were failing that's the only involvement of Texas or New York in this case and yet by the reasoning that the district court applied it concluded that the statute of limitations is what's the Wisconsin law provides that's what Wisconsin law but it doesn't you don't get any mileage just by saying well the losing side says this is absurd you have to analyze the decisions of the Supreme Court of Wisconsin and I was going to get to that but I start from the premise that the result is so obviously correct that that does you no good at all I disagree but I understand your point so let me go into the analysis first of all the district court concluded that New York and Texas controlled because the final significant event giving rise to a suable claimant contract occurred when notice was given to the third parties in Texas and in New York the problem with that is that event was not a significant event relating to a suable claimant contract much less the final one do we know Mr. Johnson that the sequence as between New York and Texas finding out items and then consumers complaining no we don't and I'm gonna get to that but the first point is getting notice of a problem with the performance of someone is not an element of a claiming contract and so it can't be a final significant event in creating a suable claim the elements of the breach of contract claim are contract breach causation and the final event that gave rise to a suable claim in contract in this case is clearly when the plaintiff sustained damages and by the district court's own finding at page 17 of its decision in talking about jurisdiction it observed that the defendant had conceded that the only damages in this case were economic damages and that those damages were incurred by the plaintiff in Florida where it's incorporated and does business so the whole idea that this notice whenever it occurred in whatever order it occurred whatever it was was the final significant event giving rise to a suable claim in contract is erroneous it isn't the final event giving rise to a suable claim in contract is the sustaining of damages which by everyone's agreement occurred in Florida which if that meant that was the determining fact on which statute locations applied would dictate that Florida law applied the court concluded Florida law didn't apply that's clearly an incorrect application and analysis of the statute and of the case law that controls on the statute I thought that the I thought that the analysis here was a little bit different than that you tell me I'm mistaken I thought because you're dealing with the sale of goods these little baggies or packages the first time that there was any indication that there may have been a defect in them is when they were delivered to the that's what the court concluded I'll talk about that no because that's right so when you go through the elements of contract I think you're I think your description of a contract claim is correct but isn't that the moment at which the breach is first discernible but that's not the test the test is under the case law under the Haley case in the Abrams case what's the final significant event giving rise to a suable claim not when did you discover it that's the discovery rule it's what's the final significant event giving rise to a suable claim and contract that happened when we were damaged we were damaged in Florida by everyone's agreement because we began to sustain financial damages and that's where it was occurred but I'll get to the second point the court was clearly incorrect when it said the final significant event occurred when the notice was given to these third-party fillers as they're called in Texas in New York because the complaint doesn't allege that that's what happened first it says notice happened and it happened three ways at some point in time the company started to get direct complaints from customers about bags failing at some point in time it got complaints from 12 different distributors all around the world that bags were failing and at some point in time these fillers got noticed but there's nothing in the pleading that says the order in which those events occur so if if as the court said when is the chain sort of so so to speak completed when is the final significant event is the first time someone got notice we don't know under the complaint which was the first time someone got notice and is this the same problem mr. Johnson that for count for the civil conspiracy and count five fraudulent misrepresentation where the court just can't come up with a date I think it is correct it's a different sense under those close issues it is because of the discovery rule because they're tort claims in this case it's because of the but there's a third problem with the court said and I think that gets to what just Estabrook had asked about the court then concluded that because in its view erroneously the last event significant event giving rise to the claim happened in either New York or Texas that that meant New York and Texas statute of limitations had to control but that's not what the statute says the statute simply says is interpreted by the court that test determines whether you have a foreign claim for purposes of the borrowing statute and so even if the court was right in concluding that getting notice is the final significant event it's wrong and the court was right that the complaint said the final significant event first happened in New York or Texas he's wrong that doesn't dispose of the question of what's the limitations applies because neither Haley nor Abrams talk about that because there apparently was no issue in those cases there were only two states involved in in Haley this one state is is Wisconsin where the defective windows were made and the other state is for each of the separate plaintiffs what state they had their windows fail in where they lived there was no third or fourth state to talk about it turns what statute is but the statute doesn't say that once you determine it's a foreign claim pursuant to the borrowing statute that the state in which the last significant event occurs determines what the foreign statute of limitations is that's a leap in logic that's not supported by the case law or by the or by the statute in you know instead as we argued in a brief what you should do is look at traditional choice of lawsuits of considerations then to say okay now we've decided it's a foreign claim that brings the borrowing statute into play what would be the foreign statute of limitations that would apply to compare it to the Wisconsin statute of limitations so you can determine which one's shorter which is then controlling the court didn't do any of that it just said because the final event occurred indeed the Newark of Texas that means their statute applies and that's why I pointed out the absurd result because it's obvious that if we were going to apply any kinds of traditional choice of law rules the only two states that could possibly apply would be Florida where my clients located where it entered into these negotiations where it sustained the damages or Wisconsin where the product was made the borrowing statute says you can't use Wisconsin because the Florida statute of limitations is shorter but it doesn't say you have to use the state in which the final significant event occurred that only determines whether or not you have a foreign claim so that the borrowing statute even comes into play if that last significant event occurred in Wisconsin using the judges logic if the distributor had been in Wisconsin and had gotten the bags and it really was the first notice and that really was the final significant event none of which is true but if it was then we'd look at Wisconsin law and say it's not a foreign claim because the last significant event occurred in Wisconsin so we don't look at the boring borrowing statute because it occurred we would say in Florida they apparently say now Texas or New York the foreign the borrowing statute applies but that doesn't tell us and there's nothing in the case law that tells us that we then put pick a state which is a complete stranger to the action in every other respect and apply its statute of limitations that would mean that if the president of the plaintiff had been traveling in Brazil and run into someone who had bought a bag of this these goods with this bag and they found out they run on a plane or a bus or someplace in Brazil and he said you know what that's funny I just bought a bag of your nutritional supplement and it failed so I wouldn't bought another one and it failed and I thought I should let you know what I was gonna write you a letter but I'm telling you now now Brazil law applies and it makes no and there's nothing in the statute and there's nothing in the case law that suggests it is the result that's why this district court was clearly wrong and you should reverse thank you mr. Brattach good morning your honors my name is Joel Brattachi and I represent pro-impact holdings belly and defended in the case I was going to talk about but mr. Johnson didn't talk about any of the waived arguments so I will go right to what he was talking about much of what mr. Johnson was arguing is exactly what the Wisconsin borrowing statute was designed to avoid who's got the most significant context where it's observed that this case be decided on Texas and floor on Texas and New York law because they have nothing to do with it well those are the places I mean not that it's necessary because it's as makes clear as Scott makes clear that is exactly why the borrowing statute and the final significant test is applied and it's worth mentioning that this is not a test to apply the rule of decision does Wisconsin have a saving statute like the one in Illinois I don't believe there's none cited your honor certainly none being relied on no just wondered if they have one I don't know your honor because I have no reason to look so I didn't but that this is this is not the rule of decision the entire idea behind the borrowing statute for statutes limitations is to make a simple decision and save the where is it really related to most for when you're deciding whose law applies to liability in this case now I will also say that mr. Johnson had kind of gone off on a red herring chase if that's not mixing two metaphors with talking about where the result was nothing in what judge Duffin decided had anything to do with when the where the result was communicated where the president of our CBA happened to be when he picked up his phone and somebody said something in fact if you look on page star two of judge Duffin's initial ruling he points out that the complaint says our CBA's quote our CBA employees at our CBA's filling facilities in New that is and it cites the complaint at paragraph 70 to 71 that is where the final significant event test was now you could have all kinds of tests but that's a good test it's easy to apply what mr. Johnson is essentially depending on is needs the logic of the concurring opinion in the Abrams in yes in the Abrams case where three of the justices not a majority said you know this may not be as easy as all that to which the majority responded in footnotes seven and said it's a test sometimes tests will be hard to apply sometimes they won't be but it's a test and even the concurring opinion agreed that's the right test judge Duffin applied the test correctly it's got nothing to do with when notice was given he didn't talk about when notice I think his his argument though as I heard it was a little bit different I my point to mr. Johnson was it seemed that New York and Florida was the location of the breach because that's a location of the delivery of the non-conforming good yes okay in his response was and the discovery of it also according to the complaint okay fair enough that me his response though was well that has nothing to do with where the economic harm was realized your honor he would he is not arguing for the final significant event he is arguing for a rule that would essentially make the place of economic injury the rule and that's not what Abrams said that's not what the final significant event test says the final significant event resulted in the breach was when it became apparent when that it was discovered by the employees of the filling the fact that if we say well where did the economic injury occurred occurred where the company was that would be a rule that said wherever the the plaintiff is located is the statute of limitations you apply that is not what the Wisconsin rule is that mr. sequence question still arises because you've got these the notice by the filling companies but you've also got the consumer complaints and other complaints we do we know which sequence those happened in we don't your honor I'm looking at that paragraph but isn't that sequence important to the idea of first well your honor but that's why judge Duffin didn't depend on communication customers could be anywhere but that would be a hard rule to apply but when did the defect occur when you know when the defective bags were filled and whether it spilled out of the plant or it was going to that was the event that triggered the test and again this is not a rule of decision test this is not saying whose law will apply to decide whether my client is liable if we ever got to that point this is a test of supposed to be a simple quick test to decide whose statute of limitations applies and to apply the shortest one available which is what the Wisconsin legislature wanted to do in the end mr. Johnson is I'm not sure what he meant to say it or slipped out but he was talking about choice of law rules that is exactly what Wisconsin courts the Wisconsin Supreme Court in particular and even the district courts in Wisconsin applying Wisconsin law have said is this the borrowing statute is designed to avoid it is designed to avoid the complicated choice of law stuff that we all learned in law school and save that for the actual rule of decision as to who will be liable in the case and so for that reason your honor judge Duffin was correct he picked the right significant attesting maybe an event he applied the right test in the simple and straightforward way it is supposed to be applied and it is not absurd but it doesn't it may not even matter whether it's absurd because the test was applied correctly in this simple limited function and for that reason he should be affirmed thank you thank you counsel anything further mr. Johnson first I want to make sure we don't have any misunderstanding as to what judge Duffy said because it's obvious on page 24 decision he said our CBA alleges that it first discovered the defects when it received the bags in Lancaster New York and Allen Texas where the defective bags were filled with our CBA's nutritional products citing among other things periaphs 71 and then it goes out he goes on to say because the where are you reading from just tell me 24 of the court's decision okay all right referencing page 71 of the complaint yeah I think that's correct further on the same page that says because the bags failed in our CBA's New York and Texas filling centers the claims are foreign causes of action for purposes of Wisconsin borrowing statute the problem with that is in the first sentence mainly in that as he said our CBA alleges that it first discovered the and therefore there is no simple test under the present posture of this case which is taking the complaint as true interpreting in a way that saves the cause of action that causes it to be barred and then making a decision here he read into the complaint something that simply doesn't exist thank you mr.